This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Thomas C. Crangle has appealed the judgment of the Summit County Court of Common Pleas that adjudicated him a sexual predator. This Court affirms.
Crangle was serving a prison sentence for gross sexual imposition when on May 23, 2000, he was brought before the Summit County Court of Common Pleas for a sexual predator hearing in accordance with R.C. 2950.09. Immediately preceding the scheduled hearing, Crangle's attorney requested a continuance in order that he might confer with his client. The trial court granted a half-hour continuance. After the half-hour had past, again as the hearing was to begin, Crangle's attorney requested another continuance. The trial court denied his request, and adjudicated Crangle a sexual predator.
Crangle has timely appealed, and has asserted one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENSE COUNSEL'S MOTION FOR A CONTINUANCE.
Crangle argues that the trial court abused its discretion by failing to grant his motion for a continuance. He contends that his counsel, who had been appointed a week prior to the hearing, did not have a meaningful or reasonable opportunity to learn that he had been undergoing psychological treatment in prison and that his doctor felt that he did not pose a risk of future sexual criminal activity. Crangle further asserts that "in the absence of anything in the record to show that an immediate adjudication was somehow necessary, the trial court's denial of the continuance was both unreasonable and arbitrary." This Court disagrees.
We review a trial court's decision to grant or deny a continuance under an abuse of discretion standard. State v. Unger (1981), 67 Ohio St.2d 65, syllabus. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In determining whether to grant or deny a motion for a continuance, the trial court must balance "any potential prejudice to a defendant [against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice."Unger, supra, at 67.
The stated reason for Crangle's request for a continuance was to enable his counsel to subpoena Crangle's prison therapist. Crangle alleged that the therapist, who had treated Crangle for the prior three years, would testify that Crangle did not pose a risk to reoffend. While Crangle's counsel was not appointed until eight days prior to the hearing, he did not move for a continuance until the start of the hearing. In addition, the record provides more than clear and convincing evidence to support the trial court's conclusion that Crangle is a sexual predator pursuant to R.C. 2950.09. The record reflects that Crangle has a long history of convictions for sexual offenses committed against children, and that the victim of the present offense was a seven-year-old girl.
We find that the lower court's decision was not unreasonable, arbitrary, or unconscionable. Accordingly, the assignment of error is overruled.
The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., WHITMORE, J., CONCUR